# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-183 PA (JEMx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | C&SM Int'l v. Xiang Hong Du, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS—ORDER

  Before the Court is a declaration ("Declaration") of counsel for plaintiff C&SM Int'l ("Plaintiff") filed in response to the Court's June 20, 2018 Order to Show Cause. (Docket No. 30, Declaration of Chan Yong Jeong in Response to Order to Show Cause ("Jeong Decl. I"); Docket No. 29 ("June 20, 2018 OSC").) Also before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. (Docket No. 31.)

  Plaintiff filed its Complaint on January 9, 2018, naming Clothingunder10, Inc. and Alexander Agranov as defendants. Plaintiff served those defendants. Plaintiff then voluntarily dismissed them and filed a First Amended Complaint naming "Xiang Hong Du d/b/a Kessley, Co. d/b/a Sublime" ("Xiang Hong Du") as the only named defendant. (See Docket Nos. 21; 24.) Plaintiff's counsel has since explained that Plaintiff had settled with the original defendants and that Plaintiff was informed that "an unknown business entity doing business as Kessley" had manufactured the infringing garments. (See Docket No. 31-1 ¶ 6.) This is the entity that Plaintiff attempted to pursue in its First Amended Complaint, and is now attempting to pursue in its proposed Second Amended Complaint. (See Jeong Decl. I ¶¶ 4–9; Declaration of Chan Yong Jeong ISO Mot. for Leave to Amend ("Jeong Decl. II") ¶¶ 7–11.)

  Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the complaint. Xiang Hong Du was first named in the First Amended Complaint filed on March 21, 2018, and thus service was required by June 19, 2018. See McGuckin v. United States, 918 F.2d 811, 812, 813 (9th Cir. 1990). When Plaintiff failed to timely file a proof of service, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution. (June 20, 2018 OSC.) Plaintiff's counsel then filed his Declaration, in which he admitted that Xiang Hong Du was not timely served, asserted that Plaintiff had diligently sought an alternative address for Xiang Hong Du, and requested leave to file a motion to amend the complaint to add as defendants Sublime, Inc. d/b/a Kessley; Jian Wang; and Xiangdong Du. (Jeong Decl. I ¶¶ 7–10.) Plaintiff then filed a Motion for Leave to File a Second Amended Complaint adding these proposed defendants in place of Xiang Hong Du. (Docket No. 31.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-183 PA (JEMx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | C&SM Int'l v. Xiang Hong Du, et al. | | |

The Court dismissed Xiang Hong Du for failure to timely serve and for lack of diligent prosecution. (Docket No. 32.) The Court did not discharge the June 20, 2018 OSC and left Plaintiff's Motion for Leave to Amend on calendar. (See id.)

Pursuant to Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff did not timely move for an extension of time to serve Xiang Hong Du and did not move for leave to amend the FAC until after time to serve under Rule 4(m) expired and the Court issued an Order to Show Cause regarding lack of prosecution. Plaintiff cannot now, belatedly, move to amend the operative complaint to substitute purportedly new defendants, in Xiang Hong Du's stead, and obtain further time for service without first addressing the issues raised in the Court's Order to Show Cause.[1/] Thus, the Court finds dismissal of this action pursuant to Rule 4(m) appropriate.

Grounds also exist to dismiss this action for failure to diligently prosecute. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors

---

[1/]  Plaintiff does not assert that Xiangdong Du or Sublime, Inc. are different individuals or entities than those pursued in the First Amended Complaint, and implies that they are in fact the same. (See Jeong Decl. I ¶¶ 4–9; Jeong Decl. II ¶¶ 7–11.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-183 PA (JEMx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | C&SM Int'l v. Xiang Hong Du, et al. | | |

support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Each of the Henderson factors favors dismissal, as Plaintiff did not diligently prosecute this action after the filing of the First Amended Complaint until after time to serve expired and the Court issued its June 20, 2018 Order to Show Cause. The Court adopts the "less-drastic" sanction of dismissal of this action without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Accordingly, pursuant to Rule 4(m) and as a result of Plaintiff's failure to diligently prosecute, this case is dismissed without prejudice. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260. Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket No. 31) is denied as moot.

IT IS SO ORDERED.